# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

KHALID AUSTIN MAHAMMEND,

   Plaintiff,

v.

LAUREN ANN STONE,
  *States Attorney*,

   Defendant.

Civil Action No.: JKB-21-2110

## MEMORANDUM

Khalid Austin Mahammend filed the above-entitled pleading with this court on August 18, 2021, seeking his release from Baltimore County Detention Center on the basis that he has been held in pre-trial detention for 27 months. ECF 1. Because of the nature of the allegations and relief sought the "complaint" has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mahammend also filed a motion for leave to proceed in forma pauperis (ECF 2), which the court now grants. For reasons explained below, the petition must be dismissed; and Mahammend's motion to appoint counsel (ECF 3) shall therefore be denied.

Mahammend was arrested on June 17, 2019 on charges of armed robbery. ECF 1 at 2. He states that his constitutional rights have been violated because he has essentially been serving a sentence without a trial for the 27 months he has awaited a trial date. *Id.* at 2-3. He argues that "[t]his court has employed the proposition that a pre-trial delay greater than a year and 13 days is presumptively prejudicial and sufficiently inordinate to constitute a triggering mechanism such that this court should engage in a special balancing analysis . . . to determine whether [Mahammend's] 6th amendment Federal (speedy trial) is violated." *Id.* at 3.

Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by a federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). The exhaustion requirement is satisfied when both the operative facts and controlling legal principles of each claim have been fairly presented to a state court. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, absent special circumstances, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through a trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973).

Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

Mahammend has open criminal cases in Baltimore County and Harford County.[1] In the Baltimore County cases, the Circuit Court for Baltimore County found good cause for the delay in proceedings in June 2021. *See State v. Mahammend*, Criminal Central Case No. 191580237 (Balt. Co. Cir. Ct. 2019) (June 22, 2021 entry finding good cause to go beyond Hicks).[2] Mahammend is represented by counsel and, importantly, he has provided no indication that his claims cannot be resolved by the State courts. The State court's consideration of Mahammend's arguments

---

[1] In the Harford County case, Mahammend has been scheduled for trial. *State v. Mahammend*, Criminal Case No. C-12-CR-20-000162 (Harf. Co. Cir. Ct. 2020).

[2] *See* http://casesearch.courts.state.md.us/casesearch/

regarding whether his right to a speedy trial has been abridged is not denied to him simply because the court disagrees with his position. The instant petition does not demonstrate a cognizable basis for federal pre-trial habeas relief where, as here, petitioner is represented by counsel in the State case, the case has not remained idle, and there has not been an exhaustion of State remedies. In short, extraordinary circumstances justifying this Court's intervention into State court proceedings are not present.

Accordingly, by separate Order which follows, the petition for writ of habeas corpus is dismissed without prejudice.

Dated this __25__ day of August, 2021.

FOR THE COURT:

_____
James K. Bredar
Chief Judge